# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR486-112 |
| | ) | |
| SONYA GARRY JAMES | ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted in 1986 of possessing stolen mail (doc. 3 at 1), Sonya James wrote a letter to this Court requesting that her record be expunged. Doc. 1. She cites no authority for what's really a motion, but she states that she hasn't "participated in any criminal activity" since serving her sentence[1]. *Id.* She also has "worked in the helping profession for over twenty years," and, "as a result of the conviction," is "unable to advance [her] career." *Id.*

> It has been recognized that "[t]here is no specific constitutional or general statutory right to expungement." *United States v. Carson*, 366 F.Supp.2d 1151, 1154 (M.D. Fla. 2004), citing, *Sealed Appellant*

---

[1] James originally received a suspended sentence and five years of supervised release. Doc. 3 at 1. She violated the terms of that release, however, and landed in federal prison for a two-year term. *Id.* at 1-2

*v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077, 118 S. Ct. 1523, 140 L.Ed.2d 675 (1998). To the extent the district courts have authority to grant expungement, "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Except in cases of juveniles, the Court is unaware of a court approving the expungement of an adult conviction which was not either set aside or found to be the result of government misconduct. This is so despite the adverse consequences which result from the continued existence of a conviction appearing on the public record. Such consequences do not rise to the level of extreme circumstances which will justify expungement of a criminal conviction. *See United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977), *cert. denied*, 425 U.S. 907 (1978). As the court in *Rogers* stated, "[t]he judicial editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers*, 469 F.2d at 1085.

*United States v. Goodrich*, 2008 WL 398950 at * 1 (S.D. Fla. Feb. 12, 2008) (footnotes omitted).

"Extreme circumstances" refers to scenarios like:

[1] when mass arrests render judicial determination of probable cause impossible . . . [2] when a court determines that the sole purpose of the arrest was to harass the defendant[2] . . . [3] where the police misused the police records to the detriment of the defendant

---

[2] The civil rights struggle in Selma, Alabama provides the prototypical example of such a circumstance. In 1963, local law enforcement arrested black voters as part of a campaign to limit their franchise. *See United States v. McLeod*, 385 F.2d 734, 738 (5th Cir. 1967). Years later, the federal government asked a district court to, among other things, expunge the records of those arrested. *Id.* The Fifth Circuit ultimately complied, stating that "[i]n order to grant full relief in this case, we must see that as far as possible the persons who were arrested and prosecuted . . . are placed in the position in which they would have stood had the county not acted unlawfully." *Id.* at 749. This case is a far cry from Selma.

2

. . . [4] where the arrest was proper but was based upon a statute later declared unconstitutional . . . [5] when the expungement of criminal records is necessary to preserve basic legal rights.

*United States v. Woods*, 2013 WL 3189081 at * 2 (S.D. Fla. June 20, 2013) (footnote added).

James hasn't reoffended in nearly thirty years while her career trajectory flatlined because of her criminal record. Though unfortunate,[3] it is not an extreme circumstance, and it is likely the norm for felons. Her construed motion for expungement (doc. 1) therefore should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this __13th__ day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] *See United States v. Nesbeth*, ___ F. Supp. 3d ___, 2016 WL 3022073 at * 1 (E.D.N.Y. May 24, 2016) ("[F]rom my research and experience over two decades as a district judge, sufficient attention has not been paid at sentencing by me and lawyers -- both prosecutors and defense counsel -- as well as by the Probation Department in rendering its pre-sentence reports, to the collateral consequences facing a convicted defendant.").